**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **FÉLIX RICARDO PADILLA TORRES; JAYLIN MATÍAS MATÍAS** on behalf of her son **A.K.M.M.; ILYA RODRIGUEZ** on behalf of her son **J.R.** | **CIVIL NO.** |
| Plaintiff | |
| **v.** | |
| **THE HONORABLE JUDGE ISABEL PADILLA ZAPATA,** *in her official capacity as Judge of the Puerto Rico Court of First Instance*; **THE HONORABLE JUDGE TOMÁS E. BÁEZ COLLADO,** *in his official capacity as Judge of the Puerto Rico Court of First Instance*; **THE HONORABLE JUDGE MIGUEL A. LOPEZ FELICIANO,** *in his official capacity as Judge of the Puerto Rico Court of First Instance*; **THE HONORABLE JUDGE MAURA SANTIAGO DUCOS,** *in her official capacity as Judge of the Puerto Rico Court of First Instance* | |
| Defendants | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**TO THE HONORABLE COURT:**

The plaintiffs, Félix Ricardo Padilla Torres, Jaylin Matías Matías on behalf of her son A.K.M.M. and Ilya Rodriguez on behalf of her son J.R., respectfully requests a Permanent Injunction against The Honorable Judge Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance; The Honorable Judge Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance; The Honorable Judge Miguel A. Lopez Feliciano, in his official capacity as Judge of the Puerto Rico Court of First

1

Instance; The Honorable Judge Maura Santiago Ducos, in her official capacity as Judge of the Puerto Rico Court of First Instance, in accordance with the First and Fourteenth Amendments to the United States Constitution and federal civil rights statutes.

## I.     INTRODUCTION

1.    This is a civil rights action challenging an unprecedented assault on the rule of law in Puerto Rico's courts. Over the span of just five days in July 2025, three state court judges coordinated to summarily dismiss 39 disability rights cases, without notice, without hearing, without any opportunity for the plaintiffs to be heard. Using virtually identical template language, these judges systematically purged their dockets of cases brought by disabled Puerto Ricans seeking nothing more than equal access to restaurants, stores, and other places of public accommodation.

2.    The numbers tell a damning story: On July 11, 2025, alone, 28 ADA cases were simultaneously dismissed across three different judges. The dismissal orders were carbon copies of each other, varying only in case numbers and party names. Some cases had been filed just 3 days earlier; others had been pending for weeks. None of the defendants had even appeared in court. Yet all met the same fate: summary execution by judicial fiat.

3.    This was not the independent exercise of judicial discretion. This was the implementation of an apparent coordinated policy to close the courthouse doors to disabled litigants and their attorneys. The template dismissals specifically targeted cases brought under the Americans with Disabilities Act, federal civil rights law that these state judges are bound to respect and enforce, not circumvent and nullify.

4.    The constitutional violations here are both flagrant and fundamental. When judges abandon their role as neutral arbiters and instead become architects of a scheme to deny access to justice, they strike at the very heart of our constitutional system. When they do

so in coordination, using cookie-cutter dismissals to eliminate an entire category of civil rights cases, they create a crisis that demands immediate federal intervention.

5.   Plaintiffs are disabled Puerto Ricans and the parents of disabled children who sought to vindicate their rights under federal law, only to discover that the courthouse doors had been barred to them through judicial coordination. Plaintiff Félix Ricardo Padilla Torres, a person with mobility impairments, filed multiple cases seeking basic accommodations at local businesses, cases that were dismissed en masse without any consideration of their merits. Plaintiffs Jaylin Matías Matías and Ilya Rodriguez, mothers of disabled children, sought to ensure their sons could access public accommodations like any other child, only to have their cases swept away in the same coordinated purge.

6.   The template dismissals reveal their discriminatory purpose in their very language, characterizing legitimate civil rights enforcement as "abuso de derecho" (abuse of rights) and dismissing the plaintiffs' efforts to secure equal access as "repetitive litigation." This hostile rhetoric, replicated across dozens of orders, sends an unmistakable message: disabled Puerto Ricans need not apply for justice in these courts.

7.   The evidence of coordination is overwhelming. The simultaneous timing, the identical language, the systematic targeting of one type of case and one group of plaintiffs—these cannot be explained by coincidence. Indeed, Plaintiffs have already filed public records requests seeking the communications between these judges that will further document the coordinated nature of this scheme. But the circumstantial evidence alone—56 template dismissals in 5 days, establishes a prima facie case of unconstitutional collaboration.

8.   This Court must act swiftly and decisively. Every day that passes without intervention is another day that disabled Puerto Ricans are denied their fundamental right to seek justice.

Every day these judges continue their coordinated assault on civil rights is another day that the Constitution's promises ring hollow in Puerto Rico's courts.

9. The relief sought is as clear as the violations are egregious. This Court must declare that what happened here violates the most basic principles of due process, equal protection, and access to courts. It must enjoin these judges from continuing their unconstitutional practice. It must vacate the template dismissals and restore these cases to the docket. And it must ensure, through continuing oversight, that this coordinated closure of the courthouse never happens again.

10. At stake is nothing less than the promise of equal justice under law. The Americans with Disabilities Act represents Congress's determination that disabled Americans shall have full and equal access to public life. The Constitution guarantees that all persons shall have access to courts to vindicate their rights. When state judges conspire to nullify federal law and slam shut the courthouse doors, they challenge the very foundations of our federal system.

11. Plaintiffs bring this action not just for themselves, but for every disabled Puerto Rican who has been told, through these coordinated dismissals, that their civil rights don't matter. They bring this action to restore the rule of law to courts where it has been abandoned. And they bring this action to ensure that never again will state judges be permitted to coordinate the mass denial of constitutional rights.

12. This Court has both the authority and the responsibility to stop this ongoing constitutional crisis. The evidence is clear, the law is settled, and the need for intervention is urgent. Plaintiffs respectfully request that this Court act immediately to restore the Constitution's

guarantees to Puerto Rico's disabled citizens and to end this unprecedented judicial assault on their civil rights.

## II.    JURISDICTION AND VENUE

13. This action arises under the First and Fourteenth Amendments to the United States Constitution and federal civil rights statutes.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), as this action seeks redress for the deprivation of rights secured by the Constitution and federal civil rights laws.

15. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants are public officials whose official conduct occurred within this judicial district.

## III.    PARTIES

17. Plaintiff Félix Ricardo Padilla Torres is an individual with disabilities within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102, and resides in San German, Puerto Rico.

18. Plaintiff Jaylin Matías Matías who filed legitimate ADA claims in Puerto Rico courts on behalf of her disabled son, A.K.M.M., an individual with disabilities within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102, and resides in Añasco, Puerto Rico.

19. Plaintiff Ilya Rodríguez who filed legitimate ADA claims in Puerto Rico courts on behalf of her disabled son, J.R., an individual with disabilities within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102, and resides in Mayagüez, Puerto Rico.

20.    Defendant Hon. Isabel Padilla Zapata is sued in her official capacity as a Judge of the Superior Court of Puerto Rico, First Instance, and is a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

21.    Defendant Hon. Tomás E. Báez Collado is sued in his official capacity as a Judge of the Superior Court of Puerto Rico, First Instance, and is a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

22.    Defendant Hon. Miguel A. López Feliciano is sued in his official capacity as a Judge of the Superior Court of Puerto Rico, First Instance, and is a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

23.    Defendant Hon. Maura Santiago Ducos is sued in her official capacity as a Judge of the Superior Court of Puerto Rico, First Instance, and is a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

### IV.    FACTUAL ALLEGATIONS

#### A. Pattern and Practice of Unconstitutional Dismissals

4.    Between July 11, 2025, and July 16, 2025, Defendants engaged in a coordinated and systematic pattern of issuing simultaneous sua sponte dismissals of civil rights cases filed in the Superior Court of Mayagüez, particularly cases brought under the Americans with Disabilities Act by individuals with disabilities.

5.    On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01117 (Jaylin Matias Matias y Otros v. Tabla Astilla Restaurant Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without

hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

6. On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case BY2025CV03457 (Jaylin Matias Matias y Otros v. Playa Almirante, Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

7. On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01115 (Jaylin Matias Matias y Otros v. Mahi Mahi Restaurant Inc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint,

before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

8.    On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01114 (Jaylin Matias Matias y Otros v. D' Coffee Shop Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

9.    On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case A?2025CV00204 (Jaylin Matias Matias y Otros v. W.o. Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation.

The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

10.     On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case A?2025CV00203 (Jaylin Matias Matias y Otros v. Golden Mountain Restaurant Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

11.     On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case A?2025CV00202 (Jaylin Matias Matias y Otros v. American Autogas Inc), constituting

part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

12.     On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01091 (Jaylin Matias Matias y Otros v. Grewin Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 13 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

13.     On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case

MZ2025CV01090 (Jaylin Matias Matias en Representación de Su Hijo A.k.m.m. v. Edti Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 13 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

14. On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01089 (Jaylin Matias Matias y Otros v. Rikan Republic L.l.c.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 13 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

15. On July 14, 2025, Defendant Hon. Miguel Ángel López Feliciano, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01088 (Jaylin Matias Matias y Otros v. E Mendez Son Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 13 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 11 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

16. On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case CB2025CV00416 (Félix Ricardo Padilla Torres v. Panaderia y Reposteria Guariken Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 4 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on

the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

17. On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case CB2025CV00415 (Félix Ricardo Padilla Torres v. Francois Group Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 4 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

18. On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case CB2025CV00414 (Félix Ricardo Padilla Torres v. Df Family Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 4 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used

simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

19.    On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01141 (Félix Ricardo Padilla Torres v. Paseos del Boulevard Restaurant And Sport Bar Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 8 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

20.    On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01140 (Félix Ricardo Padilla Torres v. Restaurant y Pizzeria Don Quijote, Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 3 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was

purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

21. On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01139 (Félix Ricardo Padilla Torres v. Ricomini Bakery Ave Corazones Inc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 8 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

22. On July 11, 2025, Defendant Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01086 (Félix Ricardo Padilla Torres v. Odisea Llc y Otros), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to

be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

23.    On July 11, 2025 Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01028 (Félix Ricardo Padilla Torres v. Zymamym Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 22 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

24.    On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01027 (Félix Ricardo Padilla Torres v. Supermercado Mr. Special Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 22 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without

hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

25.    On July 11, 2025, Defendant Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01011 (Félix Ricardo Padilla Torres v. Roosters Pr L.l.c.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 23 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

26.    On July 11, 2025, Defendant Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case CB2025CV00417 (Félix Ricardo Padilla Torres v. Porta Do Sol Corp.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 34 days after the filing of the complaint, before

defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

27.    On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01101 (Félix Ricardo Padilla Torres v. Supermercado Agueybana Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

28.    On July 11, 2025, Defendant Hon. Tomás E. Báez Collado, in his official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01102 (Félix Ricardo Padilla Torres v. Supermercado Mr. Special Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and

civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 13 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

29.    On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case LJ2025CV00065 (Félix Ricardo Padilla Torres v. Dream Water Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

30.    On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case LJ2025CV00064 (Félix Ricardo Padilla Torres v. Casita Paris Llc), constituting part of a

coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

31. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01076 (Félix Ricardo Padilla Torres v. Asturias Holding, Corp.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

32. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case

MZ2025CV01075 (Félix Ricardo Padilla Torres v. Puerto Rican Pizza Inc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

33.  On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01074 (Félix Ricardo Padilla Torres v. la Marketa de San German, Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

34.    On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01073 (Félix Ricardo Padilla Torres v. Barrio Pueblo Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

35.    On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case SG2025CV00377 (Félix Ricardo Padilla Torres v. Rest. la Luna Azul China Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on

the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

36. On July 11, 2025 Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case SG2025CV00376 (Félix Ricardo Padilla Torres v. Pórticos 1606, Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

37. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01077 (Félix Ricardo Padilla Torres v. Javilla 23 Corp.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used

23

simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

38. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01079 (Félix Ricardo Padilla Torres v. Panaderia Trapiche Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

39. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01078 (Félix Ricardo Padilla Torres v. New Era Chinese Restaurant Corp.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 15 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was

purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

40. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case LJ2025CV00067 (Félix Ricardo Padilla Torres v. Mbk, Inc.), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

41. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case LJ2025CV00066 (Félix Ricardo Padilla Torres v. el Mahi Mahi Parguera Bar & Grill Llc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff

any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

42. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case LJ2025CV00068 (Félix Ricardo Padilla Torres v. Nl Restaurants Inc), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 12 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

43. On July 11, 2025, Defendant Hon. Isabel Padilla Zapata, in her official capacity as Judge of the Puerto Rico Court of First Instance, entered a sua sponte dismissal in case MZ2025CV01087 (Félix Ricardo Padilla Torres v. la Familia Tienda de Conveniencia, Est. 1960 Inc. y Otros), constituting part of a coordinated pattern of systematic dismissals targeting ADA and civil rights litigation. The dismissal was issued 14 days after the filing of the complaint, before defendant's appearance or answer, without prior notice to

plaintiff, without hearing, without a previous order to show cause, and without affording plaintiff any opportunity to be heard or respond to jurisdictional concerns. The dismissal was purportedly based solely on a facial analysis of the complaint and employed virtually identical template language used simultaneously across 15 other ADA cases dismissed on the same date, demonstrating apparent coordination and predetermination rather than individualized judicial consideration of the merits.

44.     These dismissals were issued motu proprio without any motion by defendants in the underlying cases, without notice to plaintiffs, and without affording plaintiffs any opportunity to be heard or respond to jurisdictional concerns.

45.     The dismissals employed virtually identical legal reasoning across factually distinct cases, suggesting apparent coordination between the judges in developing and applying predetermined dismissal templates.

46.     Defendants systematically denied leave to amend, effectively terminating cases without providing plaintiffs any opportunity to address perceived jurisdictional or standing defects, contrary to established federal and state procedural principles.

**B. Request for Public Records and Evidence of Coordination**

47.     On July 16, 2025, counsel for civil rights litigants filed a comprehensive request for public records under Puerto Rico Law 141-2019 seeking information regarding coordination, communication, and policy directives between Defendants relating to the systematic dismissal of civil rights cases.

48.     The public records request specifically sought emails, communications, calendar entries, and documents between July 1-16, 2025, that would reveal the extent of coordination in the mass dismissal scheme affecting fifty-six (56) separate ADA cases.

49.     The request identified specific search terms including "ADA", "Vélez", "desestim", "motu proprio", "dismiss", "coordin", "plantilla", "template", and "modelo", demonstrating the systematic nature of the language used across the dismissals.

50.     The simultaneous issuance of twenty-eight (28) dismissals on July 11, 2025, alone, using nearly identical template language across three different judges, establishes a prima facie case of coordination that violates due process and equal protection rights.

51.     The request sought metadata, drafts, and communication records that would demonstrate whether these judges used shared templates, coordinated timing, or received administrative directives to systematically target ADA litigation.

### C.  Specific Harm to Plaintiffs

52.     Plaintiff Félix Ricardo Padilla Torres is a Puerto Rican citizen with disabilities who filed legitimate ADA claims seeking reasonable accommodations, only to face the systematic template dismissal scheme that denied him due process and equal protection.

53.     Plaintiff Jaylin Matías Matías who filed legitimate ADA claims in Puerto Rico courts on behalf of her disabled son, A.K.M.M., who is a Puerto Rican citizen with disabilities whose civil rights complaints were systematically dismissed through the coordinated judicial template scheme without opportunity to be heard.

54.     Plaintiff Ilya Rodríguez who filed legitimate ADA claims in Puerto Rico courts on behalf of her disabled son, J.R., who is a Puerto Rican citizen whose ADA cases were dismissed sua sponte using the same template approach, denying her fundamental constitutional rights.

55. Plaintiff José Carlos Vélez Colón, Esq. has had fifty-six (56) clients' legitimate ADA cases systematically dismissed through the coordinated template scheme, preventing effective representation and access to the courts for individuals with disabilities.

56. The template dismissals specifically targeted cases represented by Attorney Smith, suggesting the scheme was designed not only to eliminate ADA litigation but to retaliate against civil rights attorneys who effectively advocate for disabled clients.

57. These dismissals have created a chilling effect that deters individuals with disabilities from seeking judicial protection of their civil rights and has effectively created a "civil rights dead zone" in the Mayagüez Superior Court.

**D. Constitutional Violations and Evidence of Systematic Misconduct**

58. The simultaneous dismissal of twenty-eight (28) ADA cases on July 11, 2025, using virtually identical template language represents an unprecedented violation of due process that cannot be explained by coincidence or independent judicial reasoning.

59. The template dismissals employed disparaging language specifically targeting disability rights litigation, including characterizations of legitimate ADA enforcement as "abuso de derecho" (abuse of right) and "litigación repetitiva" (repetitive litigation).

60. The dismissals systematically applied hostile legal standards exclusively to ADA cases while not applying similar scrutiny to other categories of civil litigation, demonstrating discriminatory animus against disability rights enforcement.

61. Defendants' coordination violates the fundamental principle of judicial independence by transforming individual case adjudication into an administrative processing system designed to eliminate disfavored litigation categories.

62.  The scheme created an arbitrary classification system where disabled litigants are denied basic procedural protections available to all other civil litigants, violating equal protection principles.

63.  The systematic nature of the violations, affecting over fifty-six (56) cases across multiple plaintiffs and fact patterns, demonstrates an institutional policy or custom that creates municipal liability under Section 1983.

64.  The template approach has effectively suspended constitutional government in disability rights litigation, creating a zone of lawlessness where federal civil rights laws cannot be enforced.

### V.    COUNT I: DENIAL OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983, FOURTEENTH AMENDMENT)

65.  Plaintiffs incorporate by reference all preceding allegations.

66.  The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property without due process of law.

67.  Plaintiffs have a protected interest in access to the courts and in having their legal claims adjudicated in accordance with established procedural safeguards.

68.  Defendants' practice of sua sponte dismissals without notice, hearing, or opportunity to respond deprives plaintiffs of procedural due process.

69.  The systematic denial of leave to amend compounds the due process violation by preventing plaintiffs from curing alleged deficiencies.

70.  Defendants' conduct was undertaken under color of state law and violated plaintiffs' clearly established constitutional rights.

### VI.    COUNT II : VIOLATION OF FIRST AMENDMENT RIGHT TO PETITION (42 U.S.C. § 1983, FIRST AMENDMENT)

71.  Plaintiffs incorporate by reference all preceding allegations.

72.    The First Amendment protects the right to petition the government, including the courts, for redress of grievances.

73.    Defendants' systematic practice of sua sponte dismissals creates an unreasonable barrier to judicial access and chills the exercise of the right to petition.

74.    The practice discriminates against civil rights litigants and creates content-based restrictions on access to the courts.

75.    Defendants' conduct substantially burdens plaintiffs' First Amendment rights without adequate procedural safeguards or compelling justification.

## VII.    COUNT III: VIOLATION OF EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983, FOURTEENTH AMENDMENT)

76.    Plaintiffs incorporate by reference all preceding allegations.

77.    The Fourteenth Amendment guarantees equal protection of the laws to all persons within the jurisdiction of the United States.

78.    Defendants' practice treats civil rights litigants, particularly individuals with disabilities, differently from other litigants without rational justification.

79.    The systematic targeting of ADA and civil rights cases for sua sponte dismissal denies equal treatment under the law.

80.    The practice creates a classification that burdens fundamental rights and disadvantages a protected class without adequate justification.

## VIII.    COUNT IV: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

81.    Plaintiffs incorporate by reference all preceding allegations.

82.    An actual controversy exists between the parties concerning the constitutionality of Defendants' pattern and practice of sua sponte dismissals.

83.    Plaintiffs seek a declaratory judgment that Defendants' conduct violates the First and Fourteenth Amendments to the United States Constitution.

84.    Declaratory relief is necessary to clarify the legal rights and obligations of the parties and to prevent ongoing constitutional violations.

## IX.    COUNT V: INJUNCTIVE RELIEF (28 U.S.C. § 2202)

85.    Plaintiffs incorporate by reference all preceding allegations.

86.    Plaintiffs face irreparable harm from the ongoing deprivation of their constitutional rights.

87.    Monetary damages cannot adequately compensate for the violation of fundamental constitutional rights.

88.    The balance of hardships favors plaintiffs, as constitutional compliance imposes no undue burden on Defendants.

89.    Injunctive relief is in the public interest as it will ensure adherence to constitutional principles and protect access to the courts.

## X.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

### AS TO COUNT I - DENIAL OF PROCEDURAL DUE PROCESS

**A. Declaratory Relief**

The Court should declare that:

1.    The sua sponte dismissal practice violates due process by:

- Dismissing cases without prior notice to plaintiffs

- Failing to provide any opportunity to be heard before dismissal

- Denying plaintiffs the chance to respond to jurisdictional concerns

- Refusing to allow amendment of complaints to cure alleged defects

2. The coordinated template dismissal scheme is unconstitutional because:

- It denies individualized consideration of each case

- It applies predetermined outcomes without case-specific analysis

- It violates the fundamental requirement of impartial adjudication

3. Plaintiffs have clearly established due process rights to:

- Notice before dismissal of their cases

- An opportunity to be heard on jurisdictional issues

- At least one opportunity to amend their complaints

- Individualized judicial consideration of their claims

## B. Injunctive Relief

The Court should order Defendants to:

1. Immediately cease and desist from:

- Dismissing any civil rights case sua sponte without prior notice

- Using template dismissals in ADA or civil rights cases

- Coordinating dismissals across multiple judges

2. Implement mandatory procedures requiring:

- Written notice to plaintiffs at least 14 days before any sua sponte dismissal

- Opportunity for written response to any jurisdictional concerns

- Oral hearing upon request before dismissal

- Written findings specific to each case, not templates

3. Provide remedial relief by:

- Vacating all template dismissals issued between July 11-16, 2025

- Reinstating all affected cases to active status

- Permitting amendment of complaints in all reinstated cases

## AS TO COUNT II - VIOLATION OF FIRST AMENDMENT RIGHT TO PETITION

### A. Declaratory Relief

The Court should declare that:

1. The systematic dismissal scheme violates the Petition Clause by:

   - Creating insurmountable barriers to judicial access for disabled plaintiffs

   - Chilling the exercise of the right to seek redress in court

   - Discriminating against civil rights petitions based on content

2. The coordinated judicial conduct constitutes state action that:

   - Effectively closes courthouse doors to ADA litigants

   - Creates a de facto ban on disability rights enforcement

   - Violates the fundamental right of access to courts

3. Defendants' practice fails constitutional scrutiny because:

   - It is not narrowly tailored to any compelling interest

   - Less restrictive alternatives exist to manage dockets

   - The burden on First Amendment rights is substantial

### B. Injunctive Relief

The Court should order:

1. Removal of barriers to court access by:

   - Prohibiting sua sponte dismissals based solely on attorney identity

   - Ending discriminatory treatment of ADA cases

   - Ensuring equal access to judicial proceedings

2. Protection of petition rights through:

- Mandatory acceptance of properly filed complaints

- Prohibition on retaliation against civil rights attorneys

- Equal procedural treatment for all civil cases

3. Remedial measures including:

- Public notice of plaintiffs' right to file ADA cases

- Training on First Amendment obligations for all judges

- Monitoring of dismissal patterns for 5 years

**AS TO COUNT III - VIOLATION OF EQUAL PROTECTION**

**A. Declaratory Relief**

The Court should declare that:

1. The template dismissal scheme creates unconstitutional classifications by:

- Treating disabled litigants differently than other civil plaintiffs

- Applying hostile standards exclusively to ADA cases

- Creating a two-tier system of justice

2. The discrimination lacks rational basis because:

- No legitimate state interest justifies differential treatment

- The means employed are arbitrary and capricious

- The practice undermines federal civil rights enforcement

3. The practice violates fundamental rights of:

- Equal access to courts

- Equal treatment under law

- Protection from disability-based discrimination

**B. Injunctive Relief**

The Court should order:

1. Elimination of discriminatory practices by:

   - Applying identical procedural standards to all civil cases

   - Prohibiting special scrutiny of ADA cases

   - Ending coordinated targeting of disability rights litigation

2. Implementation of equal protection safeguards including:

   - Random case assignment to prevent targeting

   - Blind review procedures for jurisdictional issues

   - Written justification for any sua sponte dismissal

3. Ongoing compliance measures such as:

   - Quarterly reporting of dismissal statistics by case type

   - Independent monitoring of ADA case processing

   - Annual equal protection compliance audits

**AS TO COUNT IV - DECLARATORY JUDGMENT**

The Court should issue a comprehensive declaratory judgment stating:

**A. Declaratory Relief**

1. The Current Practice is Unconstitutional:

   - The coordinated sua sponte dismissal scheme violates the Constitution

   - The use of template dismissals denies due process

   - The targeting of ADA cases violates equal protection

   - The barriers to court access violate the First Amendment

2. Constitutional Requirements Going Forward:

   - All litigants must receive notice before sua sponte dismissal

- Opportunity to respond must be provided in all cases

- Leave to amend must be granted at least once

- Individual consideration must be given to each case

3. The Scope of Constitutional Violations:

- All 56 identified dismissals were unconstitutional

- The coordination between judges violated judicial independence

- The pattern constitutes a custom or policy under § 1983

- Ongoing violations will subject Defendants to contempt

**AS TO COUNT V - INJUNCTIVE RELIEF**

**A. Preliminary Injunction (IMMEDIATE RELIEF)**

The Court should immediately order:

1. Status Quo Relief:

- Stay all pending sua sponte dismissal orders

- Prohibit new sua sponte dismissals without notice

- Freeze all ADA case dismissals pending final judgment

2. Emergency Procedures

- 72-hour notice before any civil rights case dismissal

- Automatic 14-day response period for plaintiffs

- Presumption in favor of amendment opportunities

**B. Permanent Injunction**

The Court should permanently enjoin Defendants from:

1. Prohibited Practices

- Sua sponte dismissals without notice and hearing

- Use of template or form dismissals

- Coordination between judges on case dismissals

- Retaliation against civil rights attorneys

2. Required Procedures

- Individual analysis of each case

- Written findings specific to case facts

- Opportunity for oral argument on request

- Liberal amendment policy for pro se and civil rights cases

3. Compliance and Monitoring

- Appointment of a Special Master to monitor compliance

- Monthly reporting on all sua sponte dismissals

- Annual training on constitutional requirements

- Contempt proceedings for violations

## XI.    ADDITIONAL RELIEF

1. Attorneys' Fees and Costs

- Award reasonable attorneys' fees under 42 U.S.C. § 1988

- Award all costs of litigation

- Award fees for ongoing monitoring and compliance

2. Public Notice

- Order publication of this decision in local bar publications

- Require posting in all courthouse locations

- Mandate notice on court websites

3. Remedial Measures

- Expungement of all template dismissals from court records

- Letter of apology to affected litigants

- Restoration of filing privileges for all affected parties

4. Continuing Jurisdiction

- Retain jurisdiction for 5 years to ensure compliance

- Quarterly status conferences for first year

- Authority to modify injunction as needed

5. Such Other Relief

- Any additional relief the Court deems just and proper

- Authority to sanction future violations

- Power to expand relief if violations continue

## XII.    DEMAND FOR IMMEDIATE ACTION

Given the ongoing nature of the constitutional violations and the irreparable harm to disabled litigants, Plaintiffs request that the Court:

- Set an emergency hearing within 7 days

- Issue a temporary restraining order immediately

- Expedite all proceedings in this matter

- Consider this matter a priority given the fundamental rights at stake

**Dated:** July 24, 2025

**RESPECTFULLY SUBMITTED.**

39

**VELEZ LAW GROUP LLC**
Civil Rights Division


s/José Carlos Vélez Colón
José Carlos Vélez Colón
USDC-PR 231014

1449 S Michigan Ave STE 13234
Chicago, IL 60605

E:     vlg@velezlawgroup.com
C:     (787)-422-1881

**PLAINTIFF'S ATTORNEY**